# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG,<br><br>Defendants. | **Case No: 2:21-cv-13543-KM-MAH**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**<br><br>CLASS ACTION<br><br>Hon. Kevin McNulty, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Motion Day: July 18, 2022<br><br><u>JURY TRIAL DEMANDED</u> |

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................1

II.  THERE IS NO BASIS FOR CONSIDERATION OF THE EXTRANEOUS DOCUMENTS ON A MOTION TO DISMISS ...............4

  A.  Applicable Authority...................................................................4

  B.  None of Defendant's Documents Are Integral to or Referenced in the Complaint ..................................................................................7

   (i)  Extraneous Documents to Suggest Ambiguity of Chinese Law..............7

   (ii)  Extraneous Documents to Dispute Loss Causation ................................8

III.  CONCLUSION.................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CareOne LLC v. Burris*,
   2011 WL 2623503 (D.N.J. June 28, 2011) ............................................................6

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ....................................................................................9

*Hawthorne v. Umpqua Bank*,
   2013 WL 5781608 (N.D. Cal. Oct. 25, 2013) .........................................................6

*In re Astea Int'l Inc. Sec. Litig.*,
   2007 WL 2306586 (E.D. Pa. Aug. 9, 2007) ............................................................6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ......................................................................... 2, 5, 8

*In re LDK Solar Sec. Litig.*,
   584 F. Supp. 2d 1230 (N.D. Cal. 2008) ..................................................................9

*In re NAHC, Inc. Sec. Litig.*,
   2001 WL 1241007 (E.D. Pa. Oct. 17, 2001) ..........................................................5

*In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*,
   184 F.3d 280 (3d Cir. 1999) ....................................................................................5

*In re Scot. Re Grp. Sec. Litig.*,
   524 F. Supp. 2d 370 (S.D.N.Y. 2007) .....................................................................5

*Institutional Invs. Grp. v. Avaya, Inc.*,
   564 F.3d 242 (3d Cir. 2009) ....................................................................................4

*J/H Real Est. Inc. v. Abramson*,
   901 F. Supp. 952 (E.D. Pa. 1995) ...........................................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................9

*Levenstein v. Salafsky*,
  164 F.3d 345 (7th Cir. 1998) ...............................................................................6

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004).................................................................................6

*Mayer v. Belichick*,
  605 F.3d 223 (3d Cir. 2010)................................................................................9

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993)..............................................................................5

*Shaw v. Digital Equip. Corp.*,
  82 F.3d 1194 (1st Cir. 1996)...............................................................................2

*Spencer v. Princeton Univ.*,
  No. CV 19-20945, 2020 WL 3468208 (D.N.J. June 25, 2020)............................9

*Stratechuk v. Bd. of Educ.*,
  200 F. App'x 91 (3d Cir. 2006) ..........................................................................5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007).................................................................................. 2, 5, 7

## **Statutes**

15 U.S.C. § 78u-4(b)(3)(B).................................................................................4

## **Rules**

Fed. R. Evid. 201(b).......................................................................................5, 6

Lead Plaintiff Keyla D. Bell ("Plaintiff") respectfully submits this Memorandum of Law in support her motion to strike Exhibits C, E, F, H, I, J, L, M, N, O, P, Q, T, V and W (Dkts. 18-5, 18-7, 18-8, 18-10, 18-11, 18-12, 18-14, 18-15, 18-16, 18-17, 18-18, 18-19, 18-22, 18-24 and 18-25) attached to the Certification of Scott D. Musoff (the "Defendant. Certification", Dkt. 18-2) in Support of the Motion to Dismiss the Amended Class Action Complaint filed by Defendant Kanzhun Limited ("Kanzhun" or the "Company") which were improperly submitted in support of Defendant's motion to dismiss pursuant to Rule 12(b)(6) (the "Extraneous Documents").[1] For the reasons set forth below, these Exhibits should be disregarded by the Court because they are not incorporated by reference in or relied upon by Plaintiff in the Consolidated Amended Class Action Complaint ("Complaint" or "AC") (Dkt. 15), but rather constitute improper extrinsic evidence submitted for the truth of their contents and for the improper purpose of disputing the allegations of the Complaint on a motion to dismiss.

## I.    INTRODUCTION

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings," except for "document[s] *integral to*

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint. The "Brief" is Kanzhun's Memorandum of Law in support of its motion to dismiss ("Motion"). (Dkt. No. 18-1.) All "Exhibit" references are to the Defendant Certification unless otherwise denoted.

1

*or explicitly relied* upon in the complaint. . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Yet, despite unambiguous case law directing that a complaint's factual allegations must be taken as true on a Rule 12(b)(6) motion to dismiss (*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)), Defendant's arguments in support of dismissal rely on issues of fact created by numerous extraneous documents (taken out of context) which are neither referenced in the Complaint, nor integral to its allegations. The Court must disregard and strike from the record these improperly introduced materials, and all arguments upon which they rely. *Burlington*, 114 F.3d at 1426.

Specifically, Defendant seeks to have the Court consider the following Extraneous Documents, none of which are referenced in or integral to the Complaint's allegations:

| EXHIBIT | DESCRIPTION | PAGE REFERENCE |
|---|---|---|
| Exhibit C | New York Times Article titled "China's Internet Controls Will Get Stricter, to Dismay of Foreign Business" dated November 7, 2016 | 7 |
| Exhibit E | CAC Notification on the Illegal Collection and Use of Personal Information by 33 Types of Apps Including Input Method dated May 1, 2021 | 10 |
| Exhibit F | CAC Announcement on the Illegal Collection and Use of Personal Information by 84 Apps Including Tencent Mobile Manager dated May 10, 2021 | 10 |

2

| Exhibit H | CAC Notification on the Illegal Collection and Use of Personal Information by 129 Apps Including Keep dated June 11, 2022 | 10 |
|---|---|---|
| Exhibit I | AP News Article titled "China authorities name 105 apps for improper data practices" dated May 21, 2021 | 11 |
| Exhibit J | Reuters Article titled "China's internet watchdog finds 33 mobile apps broke data privacy rules" dated May 3, 2021 | 11 |
| Exhibit L | New America Article titled "China's Cybersecurity Reviews Eye 'Supply Chain Security' in 'Critical' Industries" dated April 27, 2020 | 13 |
| Exhibit M | Data Security Law of the People's Republic of China dated June 10, 2021 | 15,16,18, |
| Exhibit N | Public Announcement from Cybersecurity Review Office Regarding Activation of Cybersecurity Review of "Didi Travel" dated July 2, 2021 | 16,17 |
| Exhibit O | Financial Times Article titled "China targets more tech groups after Didi crackdown" dated July 6, 2021 | 16,18,39 |
| Exhibit P | CAC Report on Removal of the "Didi Travel" App dated July 4, 2021 | 16,17 |
| Exhibit Q | CAC Report on Removal of 25 Apps Including "Didi Enterprise Edition" dated July 9, 2021 | 16,17 |
| Exhibit T | Fortune Article titled "Not just Didi: China's Internet watchdog targets more U.S.-listed firms for `national security' review" dated July 5, 2021 | 17,18,39 |
| Exhibit V | Notice of Cybersecurity Administration of China on Seeking Public Comments on the Cybersecurity Review Measures (Draft Revision for Comment), dated July 10, 2021 | 18, 27 n.5 |
| Exhibit W | Cybersecurity Review Measures dated December 28, 2021 | 19, 27 n.5 |

While there are situations where a court may notice a document for the fact of its mere existence, it is apparent that Defendant seeks to rely upon the documents for the truth of the matters asserted in these improperly noticed documents—all are

3

cited in the Statement of Facts section. Defendant cites four of the Extraneous Documents (Exs. O, T, V, and W) again in its Argument. Defendant's attempt to raise issues of fact by introducing the Extraneous Documents run against well-established Third Circuit precedent concerning judicial notice and pleading standards. Defendant's improper reliance on the Extraneous Documents is all the more egregious considering that, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the filing of a motion to dismiss under Rule 12(b)(6) triggers an automatic stay of discovery during the pendency of the motion. *See* 15 U.S.C. § 78u-4(b)(3)(B). Defendant has attempted to place Plaintiff in a straitjacket because of the automatic stay provisions of the PSLRA while simultaneously asking the Court to consider factual materials well-beyond the four corners of the Complaint, and to resolve substantive factual issues in its favor.

Accordingly, the Extraneous Documents should be disregarded, and all factual assertions and arguments derived therefrom in Defendant's Brief should be stricken from the record.

## II.    THERE IS NO BASIS FOR CONSIDERATION OF THE EXTRANEOUS DOCUMENTS ON A MOTION TO DISMISS

### A.    Applicable Authority

Though all reasonable inferences that can be plausibly drawn from Plaintiff's allegations are assessed on a motion to dismiss, well-settled case law directs courts to "assume the truth of the specific facts alleged." *Institutional Invs. Grp. v. Avaya,*

4

*Inc.*, 564 F.3d 242, 260 n.31 (3d Cir. 2009) (emphasis added); *see also Tellabs*, 551 U.S. at 322; *In re Scot. Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 390 n.149 (S.D.N.Y. 2007). Generally, on a motion to dismiss for failure to state a claim, the Court may not consider any extraneous material outside the scope of the Complaint but can consider materials that are expressly referenced therein or integral to its allegations. *See Burlington*, 114 F.3d at 1424-25 (finding reversible error where district court dismissed based on consideration of documents outside the complaint) (citations omitted); *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (court may consider "undisputedly authentic document[s] . . . if the plaintiff's claims are based on the document") (citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Notwithstanding this general limitation, a court may take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re NAHC, Inc. Sec. Litig.*, 2001 WL 1241007, at *4 (E.D. Pa. Oct. 17, 2001), *aff'd*, 306 F.3d 1314 (3d Cir. 2002); *see also* Fed. R. Evid. 201(b)(2).

Yet, even then, a "prerequisite to consideration of an admittedly authentic public document" is that the plaintiff's complaint must necessarily rely on that document. *Stratechuk v. Bd. of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006). This remains so even where "the parties do not dispute the authenticity of the documents,

[and] they may have some relevance to defendants' case, [because] plaintiffs' claims are not based on the documents, nor do they expressly rely on or allege the contents of the documents." *In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586, at *8 (E.D. Pa. Aug. 9, 2007); *see also J/H Real Est. Inc. v. Abramson*, 901 F. Supp. 952, 955 (E.D. Pa. 1995) (holding that press releases, securities analyst reports, teleconference transcripts, and magazine and newspaper articles that were not referred to or relied on in the complaint could not be considered in connection with a Rule 12(b)(6) motion).[2]

Even if a document may be properly considered on a motion to dismiss, it is improper to take notice of the truth of the matters contained therein. *See CareOne LLC v. Burris*, 2011 WL 2623503, at *6 (D.N.J. June 28, 2011) ("While public records may be considered on a motion to dismiss, a Court may not consider the state-court litigation documents for the truth of the matters asserted therein." (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004)); Fed. R. Evid. 201(b).

---

[2] *See also Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *5 (N.D. Cal. Oct. 25, 2013) ("[I]ncorporation by reference doctrine 'is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'") (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

**B.     None of Defendant's Documents Are Integral to or Referenced in the Complaint**

As part of its Brief, Defendant includes two categories of Extraneous Documents that were improperly introduced: (1) news articles and regulatory proceedings that the Cyberspace Administration of China ("CAC") took against other companies to suggest the ambiguity of China's cybersecurity law. (Exs. C, E, F, H, I, J and L); (ii) news articles, and Chinese law and regulations that were published *after* the Class Period and the CAC's regulatory actions against another Chinese tech company to dispute loss causation. (Exs. M, N, O, P, Q, T, V and W). Defendant does not claim, nor could it, that these Extraneous Documents are in any way incorporated by reference into the Complaint. By introducing the Extraneous Documents in its motion to dispute the facts underlying Plaintiff's well-pleaded Complaint, Defendant goes far beyond arguing non-culpable inferences and seeks to conduct an improper trial on the merits at the pleading stage. *See Tellabs*, 551 U.S. at 323-23.

(i)     Extraneous Documents to Suggest Ambiguity of Chinese Law

Defendant introduces Exs. C, E, F, H, I, J and L to suggest that China's cybersecurity laws are so vague and so new that it was impossible Kanzhun to properly interpret and apply them. Not only are these documents not referenced in the Complaint, but Plaintiff does also not make a single allegation relating to the interpretation of the Chinese cybersecurity laws.

7

Whether the Cybersecurity Law of PRC is ambiguous is a question not suitable for determination on a motion to dismiss, still less where there is no record. The Court should not entertain Defendant's attempt to blame its failure to disclose requisite information on the ambiguity of law, an argument created after the fact based on self-selected extraneous documents. *Burlington*, 114 F.3d at 1424-25.

(ii)   Extraneous Documents to Dispute Loss Causation

To challenge the adequately alleged loss causation, Kanzhun also introduces in its Brief (i) laws and regulations (draft and final version) that were published after the Class Period (Def. Exs. M, V and W); (ii) news articles that were published after the Class Period (Def. Exs. O and T); (iii) the CAC's regulatory actions against another tech company, Didi (Def. Exs. N, P, and Q). Kanzhun uses these documents to spin a concededly speculative story in which the corrective disclosure revealing that the CAC had launched an expanded review of Kanzhun's entire business might relate to a separate post-Class Period governmental action to prevent Chinese tech companies from providing data to the U.S.[3]

Again, the Complaint neither relies on anything contained in these documents, nor are they integral to the Complaint. *Burlington*, 114 F.3d 1410, 1426 (3d Cir. 1997) (document must be "integral to or explicitly relied upon in the complaint" to

---

[3] See Def. Br. at 18 ("The CAC's July 2021 actions were … *possibly* in response to a recent U.S. law.")

be considered at the motion to dismiss stage); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Defendant's use of extrinsic documents to support a speculative theory shows exactly why courts do not allow the parties to expand the record through unrelated inferences. They are an attempt to "create[] a defense to the well-pled allegations in the complaint," and to "insert their own version of events into the complaint." *Khoja*, 899 F.3d at 1002. They ask the Court to rule based not just on the Complaint's allegations but on whatever documents Defendant could find on the internet. In short, Defendant's effort turns a motion to dismiss "into a trial-type, papers-only proceeding, [where] defendants get the benefit of every conceivable doubt, including credibility calls." *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008). Moreover, Defendant submits the extraneous documents in an effort to disprove loss causation, where the Court's one and only task is to determine whether the Complaint's allegations are plausible, without considering whatever competing theory Defendant offers.

It is to avoid exactly these time-consuming and unfair disputes that courts "consider extrinsic evidence that a defendant submits to dispute a factual allegation in a complaint." *Spencer v. Princeton Univ.*, No. CV 19-20945, 2020 WL 3468208, at *3 (D.N.J. June 25, 2020) (Wolfson, C.J.) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) and *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

9

## III.   CONCLUSION

For the reasons set forth herein, this Court should reject Defendant's request that the Court consider the Extraneous Documents, since they are neither integral to Plaintiff's allegations nor referenced in the Complaint. Further, to the extent the Court considers additional exhibits introduced by Defendant, such consideration should be limited to taking notice of the fact of the existence of those documents, not for the truth asserted therein.

Dated: June 20, 2022                              **THE ROSEN LAW FIRM, P.A**

*/s/Jing Chen*
Laurence M. Rosen, Esq.
Jing Chen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com
        jchen@rosenlegal.com

Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for Lead Plaintiff*

10