# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG,<br><br>Defendants. | **Case No: 2:21-cv-13543-KM-MAH**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**<br><br>CLASS ACTION<br><br>Hon. Kevin McNulty, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Motion Day: July 18, 2022<br><br>JURY TRIAL DEMANDED |

## TABLE OF CONTENTS

**I. INTRODUCTION** ......................................................................................1

**II. THE EXTRANEOUS DOCUMENTS DO NOT QUALIFY UNDER ANY EXCEPTIONS FOR CONSIDERATION ON A MOTION TO DISMISS** ............................................................................................2

**Exhibits E, F, H, I, and J**..................................................................3

**Exhibits N, O, P, Q, T**......................................................................6

**Exhibits M, V and W**.......................................................................9

**Exhibits C and L**.............................................................................10

**III. THE MOTION TO STRIKE IS PROCEDURALLY PROPER** ............................................................................................11

**IV. CONCLUSION** .....................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Archer v. York City Sch. Dist.*,
   710 F. App'x 94 (3d Cir. 2017) ...........................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................1

*Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*,
   435 F.3d 396 (3d Cir. 2006)................................................................................4

*Bldg. Trades United Pension Tr. Fund v. Kenexa Corp.*,
   No. CIV.A. 09-2642, 2010 WL 3749459 (E.D. Pa. Sept. 27, 2010)...................12

*Bowens v. Empls. of the Dep't of Corr.*,
   2015 WL 803101 (E.D. Pa. Feb. 26, 2015) .......................................................11

*Doe v. Princeton Univ.*,
   30 F.4th 335 (3d Cir. 2022) ...............................................................................1

*Easy Sportswear, Inc. v. Am. Econ. Ins. Co.*,
   2008 WL 2682689 (W.D. Pa. July 1, 2008) ......................................................11

*FDIC v. National Union Fire Insurance Co. of Pittsburgh*,
   146 F. Supp. 2d 541 (D.N.J. 2001) ....................................................................8

*Hall v. Johnson & Johnson*,
   No. CV 18-1833 (FLW), 2019 WL 7207491 (D.N.J. Dec. 27, 2019).. 4, 7, 10, 11

*Holk v. Snapple Beverage Corp.*,
   575 F.3d 329 (3d Cir. 2009)...........................................................................5, 8

*In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*,
537 F. Supp. 3d 679 (D.N.J. 2021) ..........................................................................5

*In re Bristol-Myers Squibb Sec. Litig.*,
No. CIV.A. 00-1990(SRC), 2005 WL 2007004 (D.N.J. Aug. 17, 2005)..............8

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)..............................................................................2, 4

*In re Cigna Corp. Sec. Litig.*,
459 F. Supp. 2d 338 (E.D. Pa. 2006) ......................................................................8

*In re Crown American Realty Trust Sec. Litig.*,
No. 95-202J, 1999 U.S. Dist. LEXIS 11162 (W.D. Pa. July 20, 1999) ................3

*In re Direct Gen. Corp. Sec. Litig.*,
398 F. Supp. 2d 888 (M.D. Tenn. 2005)...............................................................12

*In re FirstEnergy Corp. Sec. Litig.*,
316 F. Supp. 2d 581 (N.D. Ohio 2004)..................................................................12

*In re Intelligroup Sec. Litig.*,
527 F. Supp. 2d 262 (D.N.J. 2007) ........................................................................8

*In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*,
No. CIV.A. 05-1151 SRC, 2011 WL 3444199 (D.N.J. Aug. 8, 2011) .................6

*In re PTC Therapeutics, Inc. Sec. Litig.*,
No. CV161124KMMAH, 2017 WL 3705801 (D.N.J. Aug. 28, 2017).... 5, 10, 12

*In re Resolute Energy Corp. Sec. Litig.*,
No. 21-1412, 2022 WL 260059 (3d Cir. Jan. 27, 2022)........................................8

*Jones v. Metro. Life Ins. Co.*,
2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) ......................................................11

*Karlo v. Pittsburgh Glass Works, LLC*,
2015 WL 3966434 (W.D. Pa. June 8, 2015)..........................................................11

iii

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ........................................................................1, 2

*Roofer's Pension Fund v. Papa*,
  No. CV 16-2805, 2018 WL 3601229 (D.N.J. July 27, 2018)................................5

*Schmidt v. Skolas*,
  770 F.3d 241 (3d Cir. 2014)...............................................................................2

*Tomaszewski v. Trevena, Inc.*,
  482 F. Supp. 3d 317 (E.D. Pa. 2020) ............................................................2, 12

*Turnofsky v. electroCore, Inc.*, No. CV,
  19-18400, 2021 WL 3579057 (D.N.J. Aug. 13, 2021).........................................4

*Univ. Spine Ctr. v. Aetna Inc.*,
  No. CV 17-8160 (KM), 2018 WL 1409796 (D.N.J. Mar. 20, 2018) ....................7

## Rules

Fed. R. Civ. P. 12 .............................................................................................11

Fed. R. Evid. 201 .............................................................................................11

Lead Plaintiff Keyla D. Bell ("Plaintiff") respectfully submits this Memorandum of Law in further support her motion to strike.[1]

## I.   INTRODUCTION

Defendant effectively admits in its MTS Opposition that the Extraneous Documents are submitted to create its own version of the facts.[2] As here, Defendant cannot use the doctrines of judicial notice and incorporation by reference "to defeat what would otherwise constitute adequately stated claim at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L.Ed.2d 264 (2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 5556 (2007)); *Doe v. Princeton Univ.*, 30 F.4th 335, 343 n.8 (3d Cir. 2022) (citing

---

[1] Capitalized terms not defined herein take the meaning ascribed to them in Plaintiffs' opening brief in support of their motion to strike (("Motion to Strike" or "MTS", Dkt. 27-1). References to "MTS Opp." are to Defendant Kanzhun's memorandum opposing Plaintiff's Motion to Strike (Dkt. 28). "¶_" are paragraphs of the Complaint. (Dkt. 15.)  References to "Def. Br." or "Brief" are to Kanzhun's Memorandum of Law in support of its motion to dismiss ("MTD"). (Dkt. No. 18-1.) All "Exhibit" references are to the Defendant Certification unless otherwise denoted.

[2] See MTS Opp. at 14 (admitting that Defendant introduces 5 Exhibits relating to the Cyberspace Administration of China's actions against another two companies to "demonstrate that Plaintiff's loss coincided with the July 2021 industry-wide crackdown on U.S.-listed Chinese technology companies for which these Exhibits are cited" to factually contest the well-pled loss causation); see also MTS Opp. at 12 (admitting that Defendant introduces two news articles to show "such ambiguity is apparent on the face of such laws" as a defense for Defendant's failure to disclose).

1

*Orexigen*). "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess material to which the plaintiffs do not yet have access." *Orexigen*, at 998-99; *see also Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020) (granting to plaintiff's motion to strike, noting that "the Court will not deny Plaintiffs the opportunity for discovery to respond to Defendants' new version of the facts based on these documents").

Contrary to Defendant, the Extraneous Documents are neither integral to the Complaint nor judicially noticeable. Additionally, Plaintiff's motion to strike is procedurally proper. The Court must disregard and strike from the record the Extraneous Documents and all arguments derived therefrom.

## II. THE EXTRANEOUS DOCUMENTS DO NOT QUALIFY UNDER ANY EXCEPTIONS FOR CONSIDERATION ON A MOTION TO DISMISS

When deciding a 12(b)(6) motion to dismiss, a court may consider a "document integral to or explicitly relied upon in the complaint" (*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)), as well as "facts appropriate for judicial notice," (*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). These narrow exceptions, however, are not intended to grant litigants license

to ignore the distinction between motions to dismiss and motions for summary judgment. *In re Crown American Realty Trust Sec. Litig.*, No. 95-202J, 1999 U.S. Dist. LEXIS 11162, at *16 (W.D. Pa. July 20, 1999.) Here, the Extraneous Documents are neither integral to, relied on, or appropriate for judicial notice for their proposed purposes.

### Exhibits E, F, H, I, and J

Exhibits E, F and H are three announcements published in Chinese by the Cyberspace Administration of China, or CAC, on its website on May 1, May 10 and June 11, 2011.   The announcements concern CAC's regulatory actions against Chinese companies unrelated to Defendant. (MTS at 2-3.) Exhibits I and J are two news articles published on May 3 and 21, 2021 (before the alleged Class Period)[3] briefly reporting the CAC's regulatory actions. (*Id.*) Defendant offers these exhibits to support its version of the facts showing "China's ambiguous data privacy laws and enforcements" in the Statement of Facts section of its Motion to Dismiss. (Def. Br. at 10-11.) Specifically, Defendants use these exhibits to present a factual argument that a CAC regulation, effective on May 1, 2021, was so new and vague that Defendant did not know how to obey it. (Def. Br. at 10.) As explained in the Motion to Strike, Plaintiff does not make a single allegation relating to the

---

[3] class period is June 11, 2021 through July 2, 2022, inclusive (the "Class Period"). (¶1).

3

interpretation of the Chinese cybersecurity laws. (MTS at 7.) Therefore, Exhibits E, F, H, I and J cannot in any way be integral to the Complaint.[4]

Nor are Exhibits E, F, H, I and J judicially noticeable to support Defendant's vagueness argument because "Defendant[] attempt[s] to rely on those documents to create a defense to the Complaint's otherwise well-pled allegations, and suggest that this Court should assume the factual assertions in those documents to be true." *Hall v. Johnson & Johnson*, No. CV 18-1833 (FLW), 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining to take judicial notice of publicly available authentic records, or documents issued by government and public agencies for their truth); *Turnofsky v. electroCore, Inc.*, No. CV 19-18400, 2021 WL 3579057, at *3 (D.N.J. Aug. 13, 2021) (declining to consider the news articles for the truth of their contents) (citing *Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 (3d Cir. 2006)); (MTS at 8.)

Defendant advances a new purpose for these exhibits that it has never raised before: that these exhibits are offered to establish the public's knowledge of the

---

4 *In re Burlington Coat Factory Securities Litigation*, 114 F.3d at 1426 is factually distinguishable. In Burlington, the Third Circuit found that the plaintiffs' claim that the defendant failed to disclose the lower supplier discounts in January and February of 1994 was "an unambiguous reference to full-year cost data for 1994" but plaintiffs failed to provide any citation for the source of such data. That justified the district court to have considered the defendant's submission of a document containing the data. But here, Plaintiff has provided the source of the basis for the alleged omissions. (Pl. MTD. Opp. Ex. 4, Dkt 26-6.) Exhibits E, F, H, I and J are irrelevant.

4

CAC's actions against Defendant and therefore have dissipated Defendant's duty to disclose. As a threshold matter, "[a]n issue is waived unless a party raises it in its opening brief." *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 337 n.5 (3d Cir. 2009).[5] Moreover, the CAC's actions against *other* companies, announced in Chinese[6], and the news article reporting about *other* companies (Exhibits E, F, H, and J) cannot in any way infer the public knowledge of the CAC's action against Kanzhun. *See In re PTC Therapeutics, Inc. Sec. Litig.*, No. CV161124KMMAH, 2017 WL 3705801, at *3 (D.N.J. Aug. 28, 2017) (McNulty, J) (declining to take judicial notice of the SEC filings of another company); *see also Roofer's Pension Fund v. Papa*, No. CV 16-2805, 2018 WL 3601229, at *9 (D.N.J. July 27, 2018) (finding that the defendants failed to establish the truth-on-the-market defense as a matter of law because the defendants failed to demonstrate that the corrective information "has been conveyed to the public with a degree of intensity and credibility sufficient to counter-balance effectively any misleading information created by the alleged misstatements," noting that "the truth on the market defense is intensely fact-specific and is rarely an appropriate basis dismissing a § 10(b) complaint"). Although Exhibit I reported the May 21, 2021

---

[5] See also *In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*, 537 F. Supp. 3d 679, 718 (D.N.J. 2021) (defendant has waived the preemption argument for having failed to raise it in its opening brief.)
[6] *See also* Pl. MTD Opp. at 29 n.22.

5

CAC announcement of its findings of data collection violations in 105 apps, an issue in this case (see ¶44; MTD Opp. Pl. Ex. 4 (Dkt. 26-6), Exhibit I did ***not*** mention Kanzhun as one of the 105 apps. More importantly, Exhibit I did ***not*** provide any information on whether Kanzhun had timely rectified its violations, whether Kanzhun had submitted a report to the CAC, or what material risks Kanzhun was facing pending the CAC's determination. (*See* MTD Opp. 7-8.) Having failed to provide any of such material information, Exhibit I cannot be used to infer the public knowledge of the CAC's action against Kanzhun. (See *In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*, No. CIV.A. 05-1151 SRC, 2011 WL 3444199, at \*35 (D.N.J. Aug. 8, 2011) (finding that the public knowledge of a Merck drug's potential for cardiovascular risk neither negated the materiality of Merck's misrepresentation of the drug's safety nor destroyed the presumption that the market price reflected the alleged misrepresentation).

### **Exhibits N, O, P, Q, T**

Again, among the tens of thousands of enforcement actions that CAC took each year (Complaint ¶¶42-43), Defendant cherry-picked Exhibits N,P,Q (the CAC's actions on July 2, 4 and 6, 2021 against Didi, a company unrelated to Defendant) and Exhibits O,T (news articles reporting the CAC's July 6 Announcement) to inject its own speculative version of the facts that the July 6 CAC action related to a separate post-Class Period "industry-wide" governmental action

on U.S.-listed Chinse companies. (MTS at 8-9); (Def. Br. At 16-18,39.) The Court must not entertain Defendant's improper attempt to factually contest Plaintiff's well-pled allegation that the corrective disclosure revealing the July 6 CAC action against Kanzhun is a continuation of the CAC's May 21 action and materialization of the undisclosed risk. (¶50; MTD Opp. at 23.)

First of all, governmental actions against three tech companies can hardly be called an "industry-wide" crackdown. Second, Defendant cites no authority for its proposition that the Court should consider the CAC's actions against two other companies to resolve Kanzhun's motion to dismiss. Such inference Defendant wishes to draw as a competing theory for loss causation addresses the merits of Plaintiff's claims, is not relied upon or integral to the Complaint, and cannot be judicially noticeable. (MTS at 9); *PTC Therapeutics*, at *3 (McNulty, J) (declining to take judicial notice of the SEC filings of another company); *Hall v. Johnson & Johnson*, No. CV 18-1833 (FLW), 2019 WL 7207491, at *11 (D.N.J. Dec. 27, 2019) (declining to take judicial notice of news articles and a document issued by a governmental agency because defendant sought to introduce the document to contest the complaint's factual allegations.)[7]

---

[7] Unlike *Univ. Spine Ctr. v. Aetna Inc.*, No. CV 17-8160 (KM), 2018 WL 1409796, at *4 (D.N.J. Mar. 20, 2018) wherein the plaintiff relied on the document to establish its standing is inapposite because the documents relating to CAC's actions against **another** two companies are neither relied on by Plaintiff nor even tangentially related to Plaintiff's allegations.

For the first time in its MTS Opposition, Defendant devises a new purpose for Exhibits O and T (and Exs. N, P and Q (CAC's actions against Didi) and Exs. M, V and W (post-Class Period new statutes)): to show "the impact of this market-wide event on share prices.'"" (MTS Opp. at 9-11.) But Defendant does not challenge damages in its MTD Brief and has waived this argument. *Holk*, at 337 n.5. In any event, the damages issue cannot be properly decided on the motion to dismiss. *See In re Cigna Corp. Sec. Litig.*, 459 F. Supp. 2d 338, 356–57 (E.D. Pa. 2006) (issues of whether the alleged fraud was the sole reason for the inflated price of stock, and whether any prior and partial corrective disclosures impacted the price of stock before the final corrective event, were disputes of material fact and should be determined by the factfinder at trial.); *see also In re Bristol-Myers Squibb Sec. Litig.*, No. CIV.A. 00-1990(SRC), 2005 WL 2007004, at *21 (D.N.J. Aug. 17, 2005) (When ruling on a motion to dismiss, the court should not be "concerned with pinning down which, among alternate versions of the same truth, might have caused the loss".).[8]

---

[8] *In re Resolute Energy Corp. Sec. Litig.*, No. 21-1412, 2022 WL 260059, at *2 (3d Cir. Jan. 27, 2022) and *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) are factually distinguishable because the stock price data introduced in *Resolute* and *Intelligroup* were the defendants' own data, whereas here, Defendant attempts to introduce other companies' data for its proposition of a market-wide event. Plaintiff does not seek to strike Defendant's own historic stock price data as presented in Ex. U. *FDIC v. National Union Fire Insurance Co. of Pittsburgh*, 146 F. Supp. 2d 541 (D.N.J. 2001), a decision on a motion for summary judgment in a breach of contract case, is inapposite here.

## Exhibits M, V and W

The post-Class Period legislative development—Exhibits M (Data Privacy Law effective September 1, 2021), V (draft version of Cybersecurity Review Measures published for public comments on July 10, 2021) and W (amended Cybersecurity Review Measures effective February 15, 2022)[9]—are irrelevant to Plaintiff's claims. The CAC did not cite any of these statutes as the basis for its actions against Kanzhun in the May 21 CAC Finding or in the July 5 CAC Announcement. (See MTD Opp. Pl. Ex. 4; MTD Def. Ex. R (Dkt. 18-20).) The Complaint does not rely on any of these statutes as the basis for the alleged omissions. Defendant attempts to introduce the self-selected post-Class Period Chinese statutes to support its version of story that the July 6 CAC action against Defendant was a "***separate, post-IPO*** regulatory action" "related to the Chinese government's as-yet-unannounced plans to subject Chinese internet companies with more than one million users to cybersecurity reviews prior to listing abroad." (Def. Br. At 27, 27 n.5; MTS Opp. at 9-10.)[10] But Defendant cites no authority, and Plaintiff is unaware of any, for Defendant's proposition that these post-Class Period foreign statutes are subject to judicial notice to factually contest the well-pled

---

[9] Plaintiff does not seek to strike Exbibit K the 2020 version of the Cybersecurity Review Measures which was effective during the Class Period.

[10] Defendant does not offer these foreign statutes for determining any foreign law. Compare (MTS Opp. at 6) with (Def. Br. at 27, 27 n.5; MTS Opp. at 9-10.)

Complaint. Exhibits M, V and W should be stricken from the record. *See PTC Therapeutics*, at \*3 (McNulty, J) (Declining to take judicial notice of the post-class period documents because they were irrelevant to "the issues here—*e.g.*, what was known to PTC at the time it made the alleged misstatements"); *Hall v. Johnson & Johnson*, No. CV 18-1833 (FLW), 2019 WL 7207491, at \*10 (D.N.J. Dec. 27, 2019) (declining to take judicial notice of post-class period statements from government entities because they "arguably ha[ve] minimal relevance to the claims at issue, here.")

**Exhibits C and L**

Defendant denies that it cites Exhibits C and L (two news articles) for the truth of their contents that the Cybersecurity Law is "vague" and the Cybersecurity Review Measures are an unpredictable "black box" review process. (MTD Br. at 7,11-12; MTS Opp. at 11-12.) Instead, Defendant argues that it introduces these news articles to show "such ambiguity is apparent on the face of such laws." (MTS Opp. at 12.) This is a distinction without a difference. Under either scenario the Court would impermissibly be considering evidence that is: (1) not incorporated by reference into the Complaint, and (2) subject to varying interpretations, for the truth of the matters asserted therein. Indeed, the well-pled Complaint shows that China's cybersecurity law is not vague. (MTD Opp. at 15-16.) The Court must strike Exhibits

10

C and L. *Hall v. Johnson & Johnson*, at \*11 (Declining to take judicial notice of news articles for Defendant's attempt to create factual disputes).

## III.   THE MOTION TO STRIKE IS PROCEDURALLY PROPER

Defendant's reliance on Fed. R. Civ. P. 12(f) as the legal basis to argue the procedural improperity of the Motion to Strike completely misses the point. The Court's authority to strike extrinsic documents and the arguments Defendant alleges they support arises from Fed. R. Civ. P. 12(d), Fed. R. Evid. 201, and the Court's inherent power. See, e.g., *Archer v. York City Sch. Dist.*, 710 F. App'x 94, 101 (3d Cir. 2017) (faulting plaintiffs for not having moved to strike a motion's exhibits); see also *Bowens v. Empls. of the Dep't of Corr.*, 2015 WL 803101, at \*4 (E.D. Pa. Feb. 26, 2015) (invoking Rule 12(d)); *Easy Sportswear, Inc. v. Am. Econ. Ins. Co.*, 2008 WL 2682689, at \*1 (W.D. Pa. July 1, 2008) (invoking FRE 201); *Karlo v. Pittsburgh Glass Works, LLC*, 2015 WL 3966434, at \*3 (W.D. Pa. June 8, 2015) (invoking court's inherent authority); *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at \*6 (N.D. Cal. Oct. 15, 2010) (finding argument that "Federal Rule of Civil Procedure 12(f) only allows courts to strike pleadings, and not other documents such as … motion papers that are at issue here …. misses the point entirely" and holding that "courts have inherent power to strike inappropriate materials").

Indeed, district courts in the Third Circuit, including this Court, have routinely granted motions to strike extraneous documents improperly attached to defendants'

11

motions to dismiss in securities class actions. See *In re PTC Therapeutics, Inc. Sec. Litig.*, No. CV161124KMMAH, 2017 WL 3705801, at *3 (D.N.J. Aug. 28, 2017) (McNulty, J.) (granting plaintiffs' motion to strike analyst reports, SEC filings of defendants' competitors and defendants' own post-class period SEC filings attached to defendants' motion to dismiss); *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020) (granting motion to strike); *Bldg. Trades United Pension Tr. Fund v. Kenexa Corp.*, No. CIV.A. 09-2642, 2010 WL 3749459, at *1 (E.D. Pa. Sept. 27, 2010) (granting plaintiffs' motion to strike a contested document attached by defendants as an exhibit to their motion to dismiss.)[11]

Defendant does not address head on the caselaw Plaintiff highlights in her Motion to Strike which emphasizes the dangers of considering evidence extraneous to the pleadings in a securities fraud context. Defendant's focus on form over substance underscores the impropriety of its tactic of "[s]ubmitting documents not mentioned in the complaint to create a defense…[and] disputing the factual

---

[11] Courts in other circuits have also routinely granted motions to strike at the motion to dismiss stage in securities class actions. See *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 591–92 (N.D. Ohio 2004) (granting plaintiffs' motion to strike exhibits attached to defendants' motion to dismiss because they were not integral to the complaint and the court could not take judicial notice for their truth.); *In re Direct Gen. Corp. Sec. Litig.*, 398 F. Supp. 2d 888, 894 (M.D. Tenn. 2005) (granting plaintiffs' motion to strike documents submitted by defendants on their motion to dismiss that were subject to interpretation and explanation and/or offered to establish facts or a factual context for Defendants' defenses to Plaintiffs' allegations.)

allegations in the complaint….to short-circuit the resolution of a well-pleaded claim." *Orexigen*, at 1003.

## IV.   CONCLUSION

For the reasons set forth herein and in the MTS, the Court must disregard and strike from the record the Extraneous Documents and all arguments these Extraneous Documents advance.


Dated: July 11, 2022                    **THE ROSEN LAW FIRM, P.A**


                                        */s/Jing Chen*
                                        Laurence M. Rosen, Esq.
                                        Jing Chen, Esq.
                                        One Gateway Center, Suite 2600
                                        Newark, NJ 07102
                                        Tel: (973) 313-1887
                                        Fax: (973) 833-0399
                                        Email: lrosen@rosenlegal.com
                                                jchen@rosenlegal.com

                                        Phillip Kim, Esq.
                                        275 Madison Avenue, 40th Floor
                                        New York, NY 10016
                                        Telephone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: pkim@rosenlegal.com

                                        *Counsel for Lead Plaintiff*

13