# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEYLA D. BELL, Individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG,

      Defendants.

Case No: 2:21-cv-13543-KM-MAH

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the ____ day of _____, 20___, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated November 4, 2022 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order"), dated _____ __, 2022, ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members and Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff and Class Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf

of all Persons who purchased publicly traded Kanzhun American Depositary Shares ("ADSs") between June 11, 2021 through July 2, 2021, both dates inclusive. Excluded from the Settlement Class are: Defendants; the officers and directors of Kanzhun; members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; legal representatives, heirs, successors, or assigns of any excluded Person or entity; Persons with no compensable losses; and Persons who submit a valid and timely request for exclusion in accordance with the Preliminary Approval Order.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representatives on behalf of the Settlement Class ("Class Representative") and Class Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it

is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment [except those persons listed on Exhibit A to this Final Judgment].

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Stipulation and Settlement, including the Settlement Amount of $2,250,000.00, are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, Settlement Class Members, and Kanzhun. Accordingly, the Settlement embodied in the Settlement Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Settlement Stipulation.

8.      The Action and the Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint") are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Settlement Stipulation and herein.

9.      In accordance with the terms of the Settlement Stipulation, the Releasing Parties hereby forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims.  The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

10.     In accordance with the terms of the Settlement Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendant Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action against Lead Plaintiff, any of the Settlement Class Members, and Lead Counsel.

11.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Lead Plaintiff or the Settlement Class, are hereby permanently barred and discharged.  Any such claims brought by Defendants against any Person or entity (other than Persons or entities whose liability to Lead Plaintiff or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged, provided, however, that nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

12.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)     referred to or used against Defendants or against Lead Plaintiff or the Settlement Class as evidence of wrongdoing by anyone;

(b)    construed against Defendants or against Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

14.    Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead

EXHIBIT B

Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Lead Plaintiff.

18.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Settlement Stipulation shall govern any termination or the effect of any termination thereof.


Dated: _____, 20__                    _____
                                            HON. KEVIN MCNULTY
                                            UNITED STATES DISTRICT JUDGE