# EXHIBIT 2

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: 2:21-cv-13543-KM-MAH |
| v. | CLASS ACTION |
| KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG, Defendants. | Hon. Kevin McNulty |

**DECLARATION OF LAURENCE ROSEN ON BEHALF
OF THE ROSEN LAW FIRM, P.A. CONCERNING
ATTORNEYS' FEES AND EXPENSES**

I, Laurence Rosen, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1.    I am an attorney duly licensed to practice law in New Jersey and before this Court. I am the Managing Partner at The Rosen Law Firm, P.A. ("Rosen Law"), Lead Counsel for Lead Plaintiff Keyla D. Bell and the Settlement Class in the Action.[1] I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

---

1 Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement dated November 4, 2022 (the "Stipulation") (ECF No. 36).

1

2.      My firm rendered the following services in connection with the prosecution of this Action: (a) investigated and drafted the initial complaint; (b) prepared the motion for appointment of lead plaintiff; (c) conducted an extensive investigation, including a comprehensive review of Kanzhun's public filings, announcements, press releases, earnings call transcripts; (d) searched and analyzed relevant analyst reports and news concerning the alleged misconducts; (e) retained and oversaw a private investigator in China to locate and interview witnesses; (f) researched and opposed Kanzhun's motion to dismiss; (g) researched and drafted a motion to strike certain exhibits from Kanzhun's motion to dismiss; (h) retained and consulted with an economic expert concerning damages; (i) participated in a full-day mediation with Jed Melnick of JAMS which included the preparation and exchanging of detailed mediation statements; (j) drafted papers in support of preliminary approval of the Settlement; and (k) supervised the Claims Administrator on the claims administration process.

3.      My firm's work will not end with the filing of the instant motions for final approval and for attorneys' fees, reimbursement of expenses, and award to Lead Plaintiff; or the Court's approval of the Settlement. My firm will spend more time and resources drafting and filing the replies in support of these motions, preparing for and appearing at the Settlement Hearing scheduled for March 1, 2023, assisting Settlement Class Members with their claims, overseeing and supervising the claims

2

process and distribution of the Settlement Fund to Settlement Class Members, and responding to Settlement Class Members' inquiries.

4.      The chart below is a summary of time expended by the attorneys and professional staff of Rosen Law on this Action, and the lodestar calculation based on their current billing rate. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm.

| Professional (Position)* | Law School Graduation Year | Hourly Rate | Hours Worked | Lodestar |
|---|---|---|---|---|
| Laurence Rosen (P) | 1988 | $1,075 | 0.5 | $537.50 |
| Phillip Kim (P) | 2002 | $1,025 | 24.3 | $24,907.50 |
| Jonathan Horne (P) | 2009 | $875 | 3.5 | $3,062.50 |
| Yu Shi (P) | 2011 | $875 | 1.5 | $1,312.50 |
| Robin Bronzaft Howald (C) | 1983 | $800 | 2.5 | $2,000.00 |
| Jing Chen (C) | 2011 | $800 | 423.6 | $338,880.00 |
| Erica L. Stone (C) | 2013 | $800 | 46.3 | $37,040.00 |
| Nicholas Manningham (A) | 2016 | $650 | 5.1 | $3,315.00 |
| Scott Kim (A) | 2017 | $625 | 1.6 | $1,000.00 |
| Ryan Hedrick (A) | 2019 | $550 | 9.75 | $5,362.50 |
| Zachary Stanco (PL) | N/A | $275 | 2.0 | $550.00 |
| **Total** | | | **520.65** | **$417,967.50** |

* Partner (P), Counsel (C), Associate (A), Paralegal (PL)

5.      Since the beginning of this Action, my firm has performed a total of 520.65 professional work hours in the prosecution of this Action. The total lodestar amount for my firm is $417,967.50.

6.      Rosen Law expended a total of $33,376.08 in un-reimbursed expenses in connection with the prosecution of this Action broken down as follows:

| Category | Amount |
| --- | --- |
| Financial Expert Fees | $2,737.00 |
| Court Filing Fees | $402.00 |
| *Pro Hac Vice* Fees | $150.00 |
| Postage and FedEx Fees | $131.93 |
| Service of Process Fees | $380.00 |
| Document Translation Fees | $2,072.40 |
| Investigator Fees | $3,000.00 |
| Mediation Fees | $14,175.00 |
| Online Legal Research and Document Retrieval Fees | $2,370.05 |
| Press Release and Notice to Class Member Fees | $7,489.03 |
| Travel/Meal Expenses* | $468.67 |
| **TOTAL EXPENSES** | **$33,376.08** |

*Includes anticipated expenses associated with attending the Settlement Hearing on March 1, 2023.

7.      The expenses set forth above are reflected in my firm's books and records. These books and records are prepared from expense vouchers, check records, and financial statements prepared in the normal course of business for my

firm and are an accurate record of the expenses incurred in the prosecution of this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 1, 2023.

*/s/  Laurence Rosen*
Laurence Rosen

5