## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated, | Case No: 2:21-cv-13543- MAH |
| Plaintiff, | CLASS ACTION |
| v. | Motion Day: April 5, 2023 |
| KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
LEAD PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL
OF CLASS ACTION SETTLEMENT; AND (2) AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Keyla D. Bell ("Lead Plaintiff"), on behalf of herself and the Settlement Class, respectfully submits this reply memorandum of law in further support of her motions: (1) for final approval of the class action settlement (ECF No. 42); and (2) for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiff (ECF No. 43). Lead Plaintiff also submits the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated February 22, 2023 ("Supp. Craig Decl."), filed herewith as Exhibit 1, in support of her motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated November 4, 2022 (the "Stipulation") (ECF No. 36).

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Lead Plaintiff, or to opt out of the Settlement Class, was February 8, 2023. To date, ***not a single objection or request for exclusion*** has been filed (timely or otherwise) by any Settlement Class Member. Supp. Craig Decl. ¶¶7-8.

The positive reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the requested attorneys' fees, expenses, and award to Lead Plaintiff. The Court should enter the revised [Proposed] Order and Final Judgment, the [Proposed] Order Approving Plan of Allocation, and the revised [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses,

and Award to Plaintiffs simultaneously filed herewith.[1]

## I.    The Court-Approved Notice Program

In accordance with Judge McNulty's Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 38), the Claims Administrator completed a robust notice program that included: mailing and emailing 1,752 letters to Nominee Account Holders and Institutional Groups, mailing 4,450 Postcard Notices to identifiable potential Settlement Class Members, disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the *Investor's Business Daily,* and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Craig Decl. ¶¶3, 6; (*see also* Declaration of Margery Craig Concerning: (A) CAFA Notice; (B) Mailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections ("Initial Craig Decl."), ECF No. 44-1 ¶¶5, 7, 11.) Additionally, one nominee notified the Claims Administrator that it emailed 1,346 of their customers informing them of the Settlement and providing direct links to the Long Notice and Claim Form. Supp.

---

[1] The Settling Parties filed a joint consent to the jurisdiction of Magistrate Judge Michael A. Hammer to consider both motions on February 9, 2023 (ECF No. 46), which was so ordered by Judge Kevin McNulty on February 10, 2023 (ECF No. 47). Accordingly, Lead Plaintiff hereby submits revised versions of the proposed order and the final judgment for Judge Hammer's signature as well as a proposed order approving the proposed Plan of Allocation.

Craig Decl. ¶3. Moreover, the Claims Administrator, upon request, mailed three copies of the Long Notice and Claim Form to potential Settlement Class Members. *Id.* n.2; (Initial Craig Decl., ¶7 n.2.) To date, a total of 5,797 Postcard Notice and emails to the Long Notice and Claim Form have been sent to potential Settlement Class Members. Supp. Craig Decl. ¶3.

## II.   The Lack of Objections Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expense Request

The lack of objections from the Settlement Class following the extensive notice program confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement[.]"); *see also In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *5 (D.N.J. July 29, 2013) ("Lead Counsel did not receive a single objection to the Settlement, nor did Lead Counsel receive any valid requests for exclusion. Given the size of the class, the lack of any objections or exclusions strongly supports approval of the Settlement.").[2]

---

[2] *See also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that, when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Penn. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL 4225828, at *5 (D.N.J. Nov. 28, 2007) (Fact that "no class members have objected to the Plan of Allocation or the Settlement" supports approval); *see also In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation, which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, and the compensatory award for Lead Plaintiff, the amounts of which were included in the Notice. *See In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *2 (E.D. Pa. Sept. 10, 2009) (Where there were only two objections to the fee request, "this factor weigh[ed] strongly in favor of approving the requested fee award."); *see also Par Pharm.*, 2013 WL 3930091, at *11 (awarding lead plaintiff $18,000 under the PSLRA "to compensate it for its

---

reasonable. [T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.") (internal citations omitted).

reasonable costs and expenses incurred in managing this litigation and representing the Class" where class members were provided notice and "Lead Counsel received no objections."); *Sun v. Han, et al.*, Case No. 2:15-cv-00703-JMV-MF, ECF No. 79, slip op. at 2-3 (D.N.J. Mar. 9, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $20,000 PSLRA award to the plaintiff where "[t]here were no objections to the request for attorneys' fees or reimbursement of litigation expenses.").[3]

In sum, the lack of objections from the Settlement Class is strong evidence that the Settlement is fair, reasonable, and adequate, the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and Lead Counsel's fee and expense request is reasonable.

### III.   The Lack of Requests for Exclusions Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expenses Request

---

[3] *See also Elkin v. Walter Investment Management Corp.*, 2018 WL 8951073, at *2 (E.D. Pa. Dec. 18, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $10,000 PSLRA award to Plaintiff prior to a decision on motion to dismiss, where "[t]here were no objections to the requested Attorneys' Fees and Litigation Expenses."); *Boone v. City of Philadelphia,* 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (single objection to the proposed attorneys' fees "weighs in class counsels' favor."); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Aetna Inc. Sec. Litig.*, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

As stated above and in the Supp. Craig Decl., the Claims Administrator has not received a single request for exclusion. Supp. Craig Decl. ¶7.

The lack of any request for exclusion supports final approval of the Settlement. *See In re Valeant Pharm. Int'l Third-Party Payor Litig.,* 2021 WL 7159892, at *3 (D.N.J. Dec. 6, 2021) (Only six opt outs in comparison to 41,000 notices mailed "clearly indicat[es] overwhelming support for the Settlements from the Settlement Class"), *report and recommendation adopted*, 2022 WL 525807 (D.N.J. Feb. 22, 2022); *see also Sourovelis v. City of Phila.*, 515 F. Supp. 3d 321, 337 (E.D. Pa. 2021) (15 opt outs from notice to 35,000 potential class members weighed in favor of approval); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (Where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

## IV.    Conclusion

For the reasons stated herein and in Lead Plaintiff's previously filed memoranda, Lead Plaintiff respectfully submits that the Court should enter the updated [Proposed] Order and Final Judgment and the [Proposed] Order Approving Plan of Allocation, as well as the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff, filed simultaneously herewith.

Dated: February 22, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence Rosen*
Laurence Rosen
Jing Chen
One Gateway Center
Suite 2600
Newark, NJ 07102
Tel:  (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com
        jchen@rosenlegal.com

Erica L. Stone
Phillip Kim (*admitted Pro Hac Vice*)
275 Madison Ave, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: estone@rosenlegal.com
        pkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen
Laurence M. Rosen