# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG,<br><br>    Defendants. | Case No: 2:21-cv-13543-MAH |

**SUPPLEMENTAL DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; AND (B) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over fifteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred twenty-five (525) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## UPDATE ON MAILING OF THE POSTCARD NOTICE

2.    Pursuant to the Court's Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, dated November 10, 2022, (ECF No. 38, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure a well as the processing of claims in connection with the Settlement of the above-captioned action.[1] I submit this declaration as a supplement to my previously filed Declaration of Margery Craig Concerning: (A) CAFA Notice; (B) Mailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections, dated February 1, 2023 (ECF No. 44-1, the "Initial Mailing Declaration") in order to provide the Court and the Parties with updated information regarding the dissemination of notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.    As reported in the Initial Mailing Declaration, SCS mailed or emailed 1,752 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. As noted in the Initial Mailing Declaration, 4,450 Postcard Notices have been mailed to potential Settlement Class Members and

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated November 4, 2022 (ECF No. 36, the "Settlement Stipulation").

nominees. Additionally, SCS was notified by a nominee that they emailed 1,346 of their clients to notify them of this settlement and provide the link to the Long Notice and Claim Form on the settlement webpage, and SCS also received one email address to email the link to the Long Notice and Claim Form on the settlement webpage. Since the Initial Mailing Declaration, no additional Postcard Notices have been mailed and no additional emails with a link to the Long Notice and Claim Form were sent. In total, as of the date of this Declaration, 5,797[2] potential Settlement Class Members were either mailed a Postcard Notice or emailed the link to the Long Notice and Claim Form on the settlement webpage.

4.      Since the Initial Mailing Declaration was filed, an additional nine Postcard Notices were returned undeliverable. The nine Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and four were re-mailed to updated addresses.

## UPDATE ON TOLL-FREE TELEPHONE LINE

5.      The Initial Mailing Declaration noted that SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Long Notice and

---

[2] Since the Initial Mailing Declaration, SCS received two requests for the Long Notice and Claim Form to be mailed from potential Settlement Class Members from the Postcard Notice mailing. SCS immediately mailed out the Long Notice and Claim Form for these requests.

Claim Form to be mailed to them. SCS continues to respond promptly to each telephone inquiry and will continue to respond to Settlement Class Member inquiries via the toll-free telephone number.

## UPDATE ON SETTLEMENT WEBPAGE

6.     The Initial Mailing Declaration also noted that on November 25, 2022, SCS established a webpage on its website at www.strategicclaims.net/Kanzhun/. The webpage is accessible 24 hours a day, 7 days a week and contains a current status, the case deadlines, the online claim filing link, and important case documents. On February 17, 2023, SCS updated the webpage with the change of date for the Settlement Fairness Hearing to be held on April 5, 2023 at 12:00 p.m. via Zoom. SCS will continue to maintain and, as appropriate, update the settlement webpage with relevant case information.

## UPDATE ON REPORT ON EXCLUSIONS AND OBJECTIONS

7.     The Postcard Notice, Long Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion were to be mailed or delivered to SCS such that they were received no later than February 8, 2023. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has received no requests for exclusion.

8.      According to the Long Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or Lead Counsel's motion for attorneys' fees and expenses and application for an award to Lead Plaintiff, and/or that they think the Court should not approve the Settlement must be submitted to Lead Counsel and Counsel for Kanzhun, as well as filed with the Clerk of the Court, no later than February 8, 2023. As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objections were submitted.

## **CLAIMS RECEIVED TO DATE**

9.      The deadline for claims submission was February 8, 2023. As of the date of this declaration, SCS has received 2,216 claims. SCS is currently conducting quality assurance reviews of the submitted claims, such as verifying that the claim includes the required supporting documentation and detecting duplicative claims. Once this audit process is complete, claimants with incomplete or invalid claims will be given an opportunity to supplement or complete their claims. With these steps currently outstanding, the number of claims considered valid has not yet been finally determined.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22nd day of February 2023, in Media, Pennsylvania.

Margery Craig