**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEYLA D. BELL, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, and TAO ZHANG,<br><br>     Defendants. | Case No: 2:21-cv-13543-MAH |

**DECLARATION OF MARGERY CRAIG**
**CONCERNING THE REMAINING FUNDS FOR *CY PRES***

I, Margery Craig, declare:

1.	I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over fifteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred twenty-five (525) class actions since its inception. I have personal knowledge of the facts set forth in this declaration.

2.	I respectfully submit this supplemental declaration in order to provide the Court and the parties involved in the above-captioned litigation with additional information regarding the remaining funds available for a *cy pres* contribution.

3.	On April 3, 2024, the Court issued the Order Granting Distribution of Class Action Settlement Fund (Dkt. No. 57, the "Distribution Order"). On May 28, 2024, pursuant to the Distribution Order (Dkt. No. 57 ¶ 4), SCS sent distribution payments to the Authorized Claimants in the total amount of $1,454,953.07. The checks expired on November 24, 2024, 180 days from issue date, per set forth in the Distribution Order (*id.* ¶ 7).

1

4.    As of June 10, 2025, the balance in the Net Settlement Fund is $684.33.

5.    The administrative costs for a second distribution, including maintaining phone and website services, preparing for the second distribution, issuing at least one more tax return, and preparing and distributing checks, and providing post-distribution services (such as following up with Authorized Claimants and reissuing checks as needed), would exceed the remaining balance of the Net Settlement Fund. Consequently, Lead Counsel and SCS have determined that a second distribution of the $684.33 balance is no longer economically feasible.

6. The Distribution Order provides that if Lead Counsel and the Claims Administrator determine that a second distribution is no longer economically feasible, any funds remaining in the Net Settlement Fund shall be donated to the Investor Protection Trust. (Dkt. No. 57 ¶8.) However, while administering settlement claims in *Beltran v. SOS Limited, et al*, Case No. 1:21-cv-07454-RBK-EAP (D. N. J.), SCS discovered through internet research and attempts to contact the Investor Protection Trust via telephone (which was disconnected) that the Investor Protection Trust is permanently closed. The Investor Protection Trust is no longer available to receive cy pres donations.

7.    For the reasons stated above, SCS respectfully requests that the Court authorize the distribution of the remaining balance of $684.33 to the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at the Northwestern Pritzker School of Law.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27 day of August 2025, in Media, Pennsylvania.

Margery Craig

2