**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYLA D. BELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KANZHUN LIMITED, PENG ZHAO, YU ZHANG, XU CHEN, AND TAO ZHANG,<br><br>Defendants. | No.: 2:21-cv-13543-KM-MAH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AUTHORIZATION TO CHANGE DESIGNATED NON-PROFIT ORGANIZATION TO RECEIVE CY PRES DISTRIBUTION**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: October 6, 2025** |

1

Lead Plaintiff Keyla D. Bell ("Plaintiff") respectfully submits this memorandum of law in support of her motion for an Order Authorizing Change of Designated Non-Profit Organization to Receive *Cy Pres* Distribution ("*Cy Pres* Order"), submitted herewith. The proposed *Cy Pres* Order seeks to authorize the Claims Administrator, Settlement Claims Service ("SCS"), to distribute the remaining $684.33 in the Net Settlement Fund to the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at the Northwestern University Pritzker School of Law ("Bluhm Legal Clinic"), in lieu of the Investor Protection Trust, as originally designated in the Court's Order Granting Distribution of Class Action Settlement Fund (Dkt. No. 57, "Distribution Order"). This change is necessary because the Investor Protection Trust is permanently closed and unavailable to receive *cy pres* donations.

The Distribution Order states the following, in part:

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after

payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, ***any funds remaining in the Net Settlement Fund shall be donated to the Investor Protection Trust***.

Dkt. No. 57 ¶ 8 (Emphasis added).

On April 3, 2024, pursuant to the Distribution Order, SCS distributed $1,454,953.07 to Authorized Claimants. Declaration of Margery Craig Concerning the Remaining Funds for *Cy Pres* ("Craig Decl.") ¶ 3. The issued checks expired on November 24, 2024, 180 days from the issue date, pursuant to the Distribution Order. *Id.* To date, the remaining balance in the Net Settlement Fund is $684.33. *Id.* ¶ 4. After completing all authorized distributions and allocations, Lead Counsel and SCS determined that a second distribution is not economically feasible due to administrative costs exceeding the remaining balance. *See* Craig Decl. ¶¶ 5-6.

To counsel's knowledge, the Investor Protection Trust, originally designated to receive any residual funds under the Distribution Order (Dkt. No. 57 ¶ 8), is no longer operational. See Craig Decl. ¶¶ 5-6. In light of the Investor Protection Trust's closure, Lead Counsel proposes Bluhm Legal Clinic as the substitute *cy pres* recipient for the remaining $684.33. Lead Counsel selected the Bluhm Legal Clinic because of its mission to advance investor protection under the securities laws and its

work in other important areas, including elder abuse, civil rights litigation, and whistleblower disputes. [1] Lead Counsel is aware of no direct connection or preexisting relationship between Bluhm Legal Clinic, Lead Counsel, or the Parties. Pursuant to the Distribution Order, Lead Counsel respectfully requests the Court's approval of the Bluhm Legal Clinic as the *cy pres* recipient.

## I. THE COURT SHOULD APPROVE LEAD COUNSEL'S *CY PRES* DESIGNATION

Federal courts have "broad discretionary powers to shape equitable decrees for distributing unclaimed class action funds." *In re Linerboard Antitrust Litig.*, No. MDL1261, 2008 WL 4542669, at *3 (E.D. Pa. Oct. 3, 2008). Unclaimed funds are common in class actions, as "[m]oney may remain unclaimed if class members cannot be located, decline to file claims, have died, or the parties have overestimated the amount projected for distribution for some other reason. It may also be economically or administratively infeasible to distribute funds to class members if, for example, the cost of distributing individually to all class members exceeds the amount to be distributed." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 169 (3d Cir. 2013); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Most class actions result in some unclaimed funds."); *In re Motorsports Merchandise Antitrust Litig.*, 160 F. Supp. 2d 1392, 1393 (N.D. Ga.

---

1 *See* https://www.law.northwestern.edu/legalclinic/investorprotection/

2001) ("It is not uncommon in [. . .] class actions to have funds remaining after payment of all identifiable claims.").

The *cy pres* doctrine allows courts to distribute residual funds to a non-party for the "next best compensation use" that benefits the class indirectly. *In re Nat. Football League Players' Concussion Inj. Litig.*, 307 F.R.D. 351, 418 (E.D. Pa. 2015), *amended sub nom. In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 2:12-MD-02323-AB, 2015 WL 12827803 (E.D. Pa. May 8, 2015), and *aff'd sub nom. In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410 (3d Cir. 2016), *as amended* (May 2, 2016) (internal quotation marks omitted). The Third Circuit requires that *cy pres* recipients "reasonably approximat[e] the interests pursued by the class." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 169 (3d Cir. 2013).

Here, a second distribution of the remaining $684.33 in the Net Settlement Fund is not economically feasible, as administrative costs—including maintaining phone and website services, preparing checks, issuing tax returns, and providing post-distribution services—would exceed the residual balance. Declaration of Margery Craig Concerning the Remaining Funds for Cy Pres ("Craig Decl.") ¶ 5. The Investor Protection Trust, originally designated as the *cy pres* recipient under the Distribution Order (Dkt. No. 57 ¶ 8), is permanently closed and unable to receive

funds. *Craig Decl.* ¶ 6.

Lead Counsel proposes the Bluhm Legal Clinic as the substitute *cy pres* recipient, as the Bluhm Legal Clinic's mission to advance investor protection under securities laws, alongside its work in elder abuse, civil rights litigation, and whistleblower disputes, aligns with the objectives of this securities fraud class action.[2] This strong nexus satisfies the Third Circuit's requirement that *cy pres* distributions benefit the class indirectly. *In re Baby Prods.*, 708 F.3d at 169. Moreover, the Bluhm Legal Clinic has been previously approved as a *cy pres* recipient in securities litigation, reinforcing its suitability. *See In re FAT Brands Inc. Sec. Litig.*, No. 2:22-cv-01820-MCS-RAO, Dkt. No. 80 (C.D. Cal. Jun. 17, 2025) (approving the Bluhm Legal Clinic as *cy pres* recipient). *See also In re Lyft Inc. Securities Litigation*, No. 19-cv-02690-HSG, 2023 WL 5068605 (N.D. Cal. Aug. 7, 2023) at *7 (approving Bluhm Legal Clinic as *cy pres* recipient and noting that "[the Bluhm Legal Clinic] does work that aligns with the objectives of the securities laws underlying this case and the class members' interest in protecting investors.")

The Bluhm Legal Clinic is a non-profit organization with no known ties to Lead Counsel or the parties, ensuring impartiality. Courts afford deference to class counsel's *cy pres* recommendation when it aligns with the class's interests and no

---

[2] *See* https://www.law.northwestern.edu/legalclinic/investorprotection/.

conflicts exist. *See In re Linerboard*, 2008 WL 4542669, at *4-5. The Bluhm Legal Clinic is an appropriate recipient to receive the remaining $684.33, fulfilling the *cy pres* doctrine's purpose of directing unclaimed funds to a charitable purpose that benefits the class.

## **CONCLUSION**

For the foregoing reasons, Lead Counsel respectfully requests that the Court approve the designation of the Bluhm Legal Clinic as the *cy pres* recipient for the remaining $684.33 in the Net Settlement Fund, in lieu of the permanently closed Investor Protection Trust, and enter the proposed *Cy Pres* Order, submitted herewith.

Dated: September 9, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen LR-5733
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

Jing Chen, Esq.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827

7

Erica L. Stone
Phillip Kim (admitted *Pro Hac Vice*)
275 Madison Ave., 40th Floor
New York, NY 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: estone@rosenlegal.com
philkim@rosenlegal.com

*Counsel for Lead Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/ Laurence M. Rosen</u>